# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 11-440-01 |
| JOSEPH MEEHAN | : | |

### GOVERNMENT'S MEMORANDUM ON RESENTENCING

On June 14, 2013, a jury convicted defendant Joseph Meehan of crimes stemming from the armed robbery and attempted robbery of two pharmacies in Philadelphia. Following post-trial motions, two appeals, and Meehan's application for relief under 28 U.S.C. § 2255, this matter is now ripe for resentencing.

As explained in the government's opposition to Meehan's § 2255 petition, the Court should impose a sentence of 480 months' imprisonment on Meehan's remaining counts of conviction to conform with current law. *See* Dkt. No. 405, at pp. 67-74. Such a sentence is within the applicable guideline range calculated in the updated presentence report. *See* PSR ¶ 130. Such a sentence is also consistent with a thorough consideration of all of the factors set forth in 18 U.S.C. § 3553(a). A significant penalty is appropriate to account for Meehan's violent criminal conduct, including brandishing a firearm and demanding money and drugs from employees at two different pharmacies, firing shots at police officers, and attempting to carjack a bystander at gunpoint to escape police. A significant penalty would also account for Meehan's long criminal career, which features

convictions for thirteen prior robberies using firearms and other deadly weapons. *See* PSR ¶¶ 72-82. He was on state parole for robbery convictions when he committed the instant offenses. PSR ¶ 84. The PSR also reflects 17 disciplinary infractions while Meehan has been in federal custody, including charges for fighting with another person, use of drugs/alcohol, possessing a dangerous weapon, and assault. PSR ¶ 10.

Under Section 5G1.2 of the Sentencing Guidelines, the Court should determine the total punishment, then impose that punishment on all counts to run concurrently. If the statutory maximum on each count is not sufficient to permit imposition of the total punishment on any one count, the sentences should run consecutively as necessary to achieve the total punishment. Here, we recommend a total term of 396 months on Counts One, Three, Five, Seven, Eight, and Nine, with an 84-month consecutive term on Count Two (as § 924(c) requires that the term for that offense run consecutively). The statutory maximum terms are 240 months on each of Counts One, Three, Seven, and Eight; 180 months on Count Five; and 120 months on Count Nine. Thus, for instance, an appropriate sentence totaling 480 months would be 240 months on Count One; with terms of 156 months on Counts Three, Five, Seven, and Eight, and 120 months on Count Nine, to run concurrently with each other and consecutively to Count One; and a consecutive term of 84 months on Count Two.

Respectfully submitted,

DAVID METCALF
United States Attorney


*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals


*/s Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Special Assistant United States Attorney

Dated: September 17, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served by ECF on all counsel of record.


*/s Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Special Assistant United States Attorney


Dated:  September 17, 2025