**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 11-440-01** |
| **JOSEPH MEEHAN** | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM ON RESENTENCING**

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Robert A. Zauzmer, Assistant United States Attorney and Chief of Appeals, and Alexander B. Bowerman, Assistant United States Attorney for the District, respectfully submits this supplemental memorandum on resentencing in light of the revised presentence investigation report issued on August 26, 2026.

On June 14, 2013, a jury convicted defendant Joseph Meehan of crimes stemming from the armed robbery and attempted robbery of two pharmacies in Philadelphia, as well as related witness tampering. Following post-trial motions, two appeals, and Meehan's application for relief under 28 U.S.C. § 2255, this matter is now ripe for resentencing.

The government previously recommended a sentence of 480 months imprisonment on Meehan's remaining counts of conviction to conform with current law. *See* Dkt. No. 405, at pp. 67-74; *see also* Dkt. No. 436. That sentence was within the applicable guideline range calculated in the presentence report issued in September 2025. The

presentence report has now been revised again because, under the Sentencing Guidelines, Meehan's eight different convictions for eight different armed robberies in September 1997 are treated as a single sentence and assigned only three criminal history points. *See* PSR ¶¶ 75-82. Further, under the November 2023 revisions to the Sentencing Guidelines, the fact that Meehan was on state parole at the time he committed the instant offenses no longer results in any additional criminal history points. *See* PSR ¶ 84. Thus, Meehan's revised criminal history category is III, resulting in an applicable guideline range of 346-411 months. PSR ¶¶ 85, 130.

In light of these revisions, the government submits that an upward variance to impose a sentence of 444 months' imprisonment is consistent with a commonsense assessment of Meehan's actual conduct and criminal history. As explained in the government's opposition to Meehan's § 2255 petition, Meehan's convictions on Counts Four and Six (for discharging a firearm during attempted Hobbs Act robbery, and brandishing a firearm during attempted carjacking, respectively), and the corresponding mandatory 120-month and 84-month sentences that would apply under current law, are vacated only because of the machinations of the categorical approach. But because Meehan was convicted of multiple other crimes, the Court can impose a sentence that reflects Meehan's actual conduct, rather than that of a hypothetical defendant who exists only in the strange world of the categorical approach, by imposing an upward variance. *See* Dkt. No. 405, at 67-72. Here, combining a term of 120 months to account for the conduct underlying Count Four and a term of 84 months to account for the conduct underlying Count Six, with the mandatory term of 84 months on Count Two and the

guideline range that would apply on the remaining counts (135-168 months), would result in a range of 423-456 months.

A sentence in this range is needed to reflect the reality of Meehan's conduct and criminal history, and the government submits that 444 months—less than three years above the top of the applicable guideline range calculated in the latest PSR—is appropriate. This penalty would account for Meehan's violent criminal conduct in the instant offenses, including brandishing a firearm and demanding money and drugs from employees at two different pharmacies, firing shots at police officers, and attempting to carjack a bystander at gunpoint to escape police. These crimes had real victims. For instance, CVS cashier A.O., "the mother of an infant, . . . recalled being terrified that she would die and leave her child motherless." She reported that she "had to be transferred to another CVS store," and that she "couldn't sleep or eat for weeks, and kept ruminating over her own death and the impact that would have on her child." PSR ¶ 32. In addition, the customers present during the CVS robbery included "two women and a young child," and the "grandmother of the child" was reportedly "screaming uncontrollably" during the robbery. PSR ¶ 32. And Meehan's criminal conduct was not limited to his violence, as he was also convicted of witness tampering. PSR ¶ 34.

The recommended penalty would also account for Meehan's long criminal career—which goes seriously understated in the current guidelines analysis. Meehan's criminal record features convictions for *thirteen* prior robberies using firearms and other deadly weapons, resulting in *nine* separate convictions and sentences. Yet eight of those sentences are treated as a "single sentence" under the Sentencing Guidelines. *See* PSR

¶¶ 72-82. And although Meehan was on state parole for his robbery convictions when he committed the instant offenses—and in fact had been on parole for less than nine months before committing the robberies at issue here—the revisions to the Sentencing Guidelines since Meehan's original sentence mean that his violation of parole no longer affects his guideline range. PSR ¶ 84. Meehan's misconduct has continued since his conviction: The PSR reflects 17 disciplinary infractions while Meehan has been in federal custody, including charges for fighting with another person, use of drugs/alcohol, possessing a dangerous weapon, and assault. PSR ¶ 10.

Simply put, Meehan's long history of crimes, and their wide-ranging impact, warrants a sentence of 444 months imprisonment. Such a sentence is consistent with a thorough consideration of all of the factors set forth in 18 U.S.C. § 3553(a).

Under Section 5G1.2 of the Sentencing Guidelines, the Court should determine the total punishment, then impose that punishment on all counts to run concurrently. If the statutory maximum on each count is not sufficient to permit imposition of the total punishment on any one count, the sentences should run consecutively as necessary to achieve the total punishment. Here, we recommend a total term of 360 months on Counts One, Three, Five, Seven, Eight, and Nine, with an 84-month consecutive term on Count Two (as § 924(c) requires that the term for that offense run consecutively). The statutory maximum terms are 240 months on each of Counts One, Three, Seven, and Eight; 180 months on Count Five; and 120 months on Count Nine. Thus, for instance, an appropriate sentence totaling 444 months would be 240 months on Count One; with terms of 120 months on Counts Three, Five, Seven, Eight, and Nine, to run concurrently with each

other and consecutively to Count One; and a consecutive term of 84 months on Count Two.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

*/s Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Assistant United States Attorney

Dated: September 1, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served by ECF on all counsel of record.

*/s Alexander B. Bowerman*
ALEXANDER B. BOWERMAN
Assistant United States Attorney

Dated: September 1, 2026